# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:15CR47 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| CARLOS REYNOSO-MENDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Carlos Reynoso-Mendez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 36). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant pled guilty to Count I of the Indictment charging him with conspiracy to distribute a mixture or substance containing methamphetamine. John J. Velasquez ("Velasquez") was appointed to represent the Defendant and attended the hearing for the Defendant's initial appearance and arraignment on February 27, 2015. Velasquez remained as counsel for the Defendant throughout the entire disposition of this case.

In his Federal Rule of Criminal Procedure 11(c)(1)(B) plea agreement signed May 1, 2015, the Defendant waived his right of appeal and collateral attack (Filing No. 24. at

5, 6). In his Petition to Enter a Plea of Guilty, signed on May 5, 2015, the Defendant stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Court I was 20 years; and he understood all the questions in the Petition. (Filing No. 23. at 2, 6). On June 15, 2015, the Defendant's plea was accepted and he was found guilty of Count I of the Indictment.

A sentencing hearing was held on September 14, 2015. The Court accepted the Plea Agreement and the Defendant was sentenced to a term of 70 months with three years of supervised release to follow.

On March 4, 2016, the Defendant filed his timely § 2255 motion (Filing No. 36).

**DISCUSSION**

In his § 2255 motion, the defendant alleges two grounds in support of his motion; Ground One: Poor or insufficient legal counsel, and Ground Two: Because of my limited knowledge of English and of the law, I did not fully understand the full extent of all proceedings.

In order to establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed

by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Under the Defendant's plea agreement, he waived his right to seek post-conviction relief except for (a) "The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that charge to which the defendant is agreeing to plead guilty fails to state a crime." or (b) "The right to seek post-conviction relief based on ineffective assistance of counsel." (Filing No. 24 at 5.) The Defendant adopted the Presentence Investigation Report (Filing No. 28), in which the Defendant received the following reductions: a two-level reduction for a minor participant role; an additional two-level reduction for acceptance of responsibility; and a one-level reduction on the government's motion.

The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that the Defendant was satisfied with the advice and performance of counsel. The Defendant executed both the Plea Agreement and Petition to Enter a Plea Guilty, which stated he understood all the questions contained therein, and that he was guilty of the crimes alleged in Count I (Filing No. 23 at 12). The colloquy at the time of the plea hearing confirmed repeatedly the voluntary nature of his plea.

The Court notes that John J. Velasquez is a highly experienced, well-respected criminal defense attorney. The alleged grounds for the Defendant's dissatisfaction with counsel's performance are all matters that were known to the Defendant at the time of the

plea. The Defendant's complaints about Velasquez's representation do not rise to a level showing that Velasquez performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has the Defendant demonstrated any reasonable probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

## CONCLUSION

For the reasons discussed, the Defendant cannot prove either prong of the *Strickland* test, and his § 2255 Motion will be denied.

Accordingly,

IT IS ORDERED:

1. The Court has completed the initial review of Defendant Carlos Reynoso-Mendez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 36);

2. The Court summarily dismisses the Defendant's § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 27th day of April, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge